UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMARA JEAN FARRELL, an individual, | ) ) ) ) CASE NO.: ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| CAWTHON-HOLLUMS PROPERTIES, INC., a Georgia Corporation, | |
| Defendant. | |

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel, hereby files this Complaint and sues CAWTHON-HOLLUMS PROPERTIES, INC., a Georgia Corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3. Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Henry County, Georgia.

4. MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia. She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5. Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking.

6. Defendant CAWTHON-HOLLUMS PROPERTIES, INC., a Georgia Corporation, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia. Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as Riverdale Plaza, located at 6600 Highway 85, Riverdale, Georgia 30274.

7. All events giving rise to this lawsuit occurred in the Northern District of Georgia, Clayton County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a shopping center, is open to the public and provides goods and services to the public.

10. MS. FARRELL has visited the Property and attempted to utilize the goods and services offered at the Property.

11. While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. MS. FARRELL continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

13. MS. FARRELL plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.

§ 36.304 <u>et. seq.</u> and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property:

    A.    Plaintiff encountered inaccessible parking in front of Boost Mobile due to slopes in excess of 1:48. This condition made it difficult for Plaintiff to transfer in and out of her vehicle and increased her risk of a fall.

    B.    Plaintiff encountered inaccessible parking throughout the Property due to missing/damaged signage, low signage and missing access aisles in front of Boost Mobile and Dollar General. These conditions made it difficult for Plaintiff to identify and use the designated accessible parking areas.

    C.    Plaintiff encountered inaccessible parking in front of the Food Depot Supermarket due to low signage, access aisles with improper dimensions and obstructed access aisles. Specifically, the designated parking in front of the Food Depot Supermarket contains several access aisles that are blocked with shopping cart return stations and another access aisle that is obstructed by a fire hydrant. These conditions made it difficult for Plaintiff to safely exit/return to her vehicle once she located the accessible spaces.

        D.    Plaintiff encountered inaccessible sidewalks throughout the Property due to excessive running slopes, changes in elevation and pavement in disrepair. Specifically, the section of sidewalk running between DBS Sounds and Dollar General is excessively sloped and lacks handrails. The section of sidewalk in front of Dollar General also contains large cracks and divots in the pavement. These conditions made it difficult for Plaintiff to maneuver over this route to access the businesses and increased her risk of a fall.

        E.    Plaintiff encountered inaccessible curb ramps in front of Boost Mobile, Food Depot and Angie's Beauty Supply due to disrepair, excessive slopes and excessive lips that are not flush with the ground. These conditions increased Plaintiff's chances of falling and required that she use extra caution maneuvering over these ramps.

15.    Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16.    Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an

undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against CAWTHON-HOLLUMS PROPERTIES, INC., and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976

By: */s/ John A. Moore*
    John A. Moore, Esq.
    Georgia Bar No.: 519792
    Of Counsel
    The Moore Law Group, LLC
    1745 Martin Luther King Jr., Drive
    Atlanta, GA 30314
    Tel.: (678) 288-5601
    Fax: (888) 553-0071
    Email: jmoore@moorelawllc.com
    Attorney for Plaintiff